UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Sean O'Connor, | Case No.: 2:22-cv-00846-JAD-NJK |
| Plaintiff | |
| v. | **Order Screening Complaint and Denying Motions** |
| Mrs. Froby, et al., | |
| Defendants | [ECF Nos. 1, 3, 4] |

Plaintiff Sean O'Connor brings this civil-rights action under 42 U.S.C. § 1983, claiming that his Fifth, Eighth, and Fourteenth Amendment rights were violated when a prison teacher, a prerelease coordinator, and two parole-board employees conspired to extend his parole-release date by 15 days. O'Connor also moves for a temporary restraining order and a preliminary injunction requiring defendants to parole him on May 26, 2022.[1] Because O'Connor applies to proceed *in forma pauperis* (IFP),[2] I screen his complaint under 28 U.S.C. § 1915A. I find that O'Connor has not pled any colorable claim for relief, and I give him leave to amend his Eighth and Fourteenth Amendment claims **by August 7, 2022**.

After O'Connor filed an application to proceed IFP for an inmate, he notified the court that he had been released on parole.[3] Because of this change in O'Connor's custodial status, he must now file the version of the application to proceed IFP for a non-inmate or pay the full $402 filing fee if he wants to proceed with this case. I therefore deny as moot O'Connor's application

---

[1] ECF Nos. 3, 4.
[2] ECF No. 1.
[3] ECF No. 5.

to proceed IFP for an inmate and grant him leave to file an application to proceed IFP for a non-inmate **by August 7, 2022**. And I deny as moot O'Connor's motions for a temporary restraining order and a preliminary injunction requiring defendants to parole him.

### I.     Screening standard

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or an officer or employee of a governmental entity.[4] In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous or malicious, or that fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.[5] All or part of the complaint may be dismissed *sua sponte* if the prisoner's claims lack an arguable basis in law or fact. This includes claims based on legal conclusions that are untenable, like claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist, as well as claims based on fanciful factual allegations or fantastic or delusional scenarios.[6]

Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief.[7] In making this determination, the court takes all allegations of material fact as true and construes them in the light most favorable to the plaintiff.[8] Allegations of a *pro se* complainant are held to less

---

[4] *See* 28 U.S.C. § 1915A(a).
[5] *See* 28 U.S.C. § 1915A(b)(1)(2).
[6] *See Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).
[7] *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999).
[8] *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996).

stringent standards than formal pleadings drafted by lawyers,[9] but a plaintiff must provide more than mere labels and conclusions.[10] "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations."[11] "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[12]

## II. Screening O'Connor's complaint

In his complaint, O'Connor sues four defendants for events that allegedly took place while he was incarcerated at Southern Desert Correctional Center (SDCC).[13] O'Connor sues Froby, Stevens, Anderson, and Kennedy.[14] O'Connor brings one claim and seeks monetary relief.[15] O'Connor alleges the following in his complaint.[16]

Around April 25, 2022, prerelease coordinator Stevens gave O'Connor his check-out list and release papers to sign.[17] That's when O'Connor discovered that his May 26, 2022, parole-release date had been extended to June 10. Stevens told O'Connor that Froby, a principal in the Clark County School District who taught at SDCC, had conspired with parole-board employees Anderson and Kennedy to continue his release date. They did this so that Froby could get a

---

[9] *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *see also Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (recognizing that pro se pleadings must be liberally construed).
[10] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).
[11] *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).
[12] *Id.*
[13] ECF No. 1-1 at 1–3.
[14] *Id.* at 2–3.
[15] *Id.* at 5–9.
[16] For the sake of clarity and brevity, I use any title that O'Connor ascribes to the defendants. This should not be construed as a finding that those allegations are correct.
[17] ECF No. 1-1 at 5.

bonus and more funding, which is contingent on prisoners earning their diplomas while they are housed at SDCC.[18]

Froby, Stevens, Anderson, Kennedy, and an unknown person had a meeting before April 25, 2022, where this decision was reached.[19] It was suggested at the meeting that O'Connor should be made aware of the plan. Froby demanded that O'Connor not be told. Two different caseworkers told O'Connor this agreement is the reason why his release date was continued for 15 days. O'Connor contends that defendants violated his Fifth, Eighth, and Fourteenth Amendment rights.

### A. *Nonnette* relief from *Heck-Wilkinson-Balisok* bar

The Supreme Court held in *Heck v. Humphrey* that if a state prisoner's claim for damages necessarily implies the invalidity of his conviction or sentence, it cannot be maintained under § 1983 unless the prisoner demonstrates that his "conviction or sentence had been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus."[20] In *Edwards v. Balisok*, the Court extended the *Heck* rule to a prisoner's claims for damages based on unconstitutional deprivation of good-time credits, if establishing the violation would "necessarily imply the invalidity of the deprivation of his good-time credits."[21] And the Court eventually held in *Wilkinson v. Dotson* that a state prisoner's § 1983 action "is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison

---

[18] *Id.* at 5–6.
[19] *Id.* at 6.
[20] *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994).
[21] *Edwards v. Balisok*, 520 U.S. 641, 646–47 (1997).

4

proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration."[22]

If O'Connor were to succeed on his claims, his release date would be invalidated and moved up and his damages would be calculated based on any time he was confined after the moved-up date. The issues raised in the complaint therefore challenge the duration of O'Connor's confinement and fall within the core of habeas. But it appears that O'Connor has been paroled since he initiated this action. The Ninth Circuit held in *Nonnette v. Small* that a former prisoner would not be barred from bringing a § 1983 suit if his habeas corpus petition would be dismissed as moot.[23] If O'Connor were to file a habeas corpus petition on this matter, it would likely be dismissed as moot because he has been released on parole. I will therefore permit O'Connor to proceed with his § 1983 action.

### B. Fifth Amendment due process

"The Due Process Clause of the Fifth Amendment and the equal component thereof apply only to actions of the federal government—not to those of state or local governments."[24] Based on the allegations, O'Connor was deprived of due process when state prison and parole-board employees conspired to extend his parole-release date by 15 days. O'Connor does not allege that any of the defendants who participated in this violation are federal actors. O'Connor therefore fails to state a colorable claim under the Fifth Amendment against any defendant. So the claim under the Fifth Amendment is dismissed with prejudice as amendment would be futile.

---

[22] *Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005).

[23] *Nonnette v. Small*, 316 F.3d 872, 875–77 (9th Cir. 2002).

[24] *Lee v. City of Los Angeles*, 250 F.3d 668, 687 (9th Cir. 2001), *overruled on other grounds by Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119, 1125–26 (9th Cir. 2002).

5

### C. Fourteenth Amendment due process

To state a colorable Fourteenth Amendment Due Process Clause violation, a plaintiff must establish (1) a liberty or property interest that he has been deprived of, and (2) that the procedures followed by the State were constitutionally insufficient.[25] The Supreme Court has held that allegations a defendant violated state law are insufficient to state a claim for violating the Fourteenth Amendment's Due Process Clause.[26] It has also held that "[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence."[27] A state statute or regulation can create a liberty interest that is protectible under the Fourteenth Amendment's Due Process Clause.[28] But the Nevada Supreme Court "has consistently held that given its discretionary language, Nevada's parole statute creates no 'protectable liberty interest sufficient to invoke the Due Process Clause."[29]

Based on the allegations, O'Connor was granted parole and scheduled to be released on May 26, 2022. O'Connor does not allege facts about the May 26 release date or how he learned of it. When O'Connor received his release papers on April 25, he discovered that he was being released on June 10. Caseworkers told O'Connor that his release date was moved to June 10 so he would receive his diploma while still incarcerated at SDCC, which would allow Froby to get a bonus and more funding to teach prisoners. Froby, Stevens, Anderson, and Kennedy met before April 25 and agreed to move O'Connor's release date for that purpose. Froby demanded that O'Connor not be told about the plan.

---

[25] *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011).

[26] *Id.* at 222 (holding that "a 'mere error of state law' is not a denial of due process").

[27] *Greenholtz v. Inmates of Neb. Penal and Corr. Complex*, 442 U.S. 1, 7 (1979).

[28] *Sandin v. Conner*, 515 U.S. 472, 483–84 (1995).

[29] *Anselmo v. Bisbee*, 3956 P.3d 848, 850–51 (Nev. 2017) (collecting cases).

O'Connor has not demonstrated that he has a protected liberty interest in being released on parole on May 26. For example, O'Connor does not allege facts that the Parole Board created a protected liberty interest in favor of his being released on that day.[30] Nor does he identify any statute or regulation that could have created an interest in that release date.[31] I find that the allegations are not enough to state a colorable claim against any defendant. But it does not yet appear that O'Connor cannot state any set of facts upon which relief could be granted, so I dismiss his Fourteenth Amendment Due Process Clause violation claim without prejudice and with leave to amend.

### D. Eighth Amendment cruel and unusual punishment

To state an Eighth Amendment cruel-and-unusual-punishment claim for detaining a person beyond the termination of his or her sentence, the plaintiff must demonstrate that the detention was the result of deliberate indifference to the prisoner's liberty interest or that the detention violated due process.[32] I find that O'Connor has not stated a colorable cruel-and-unusual-punishment claim. As explained above, O'Connor has not established that he had a liberty interest in being released on May 26. O'Connor cannot, therefore, demonstrate that any

---

[30] *Compare Kelch v. Director, Nev. Dept. of Prisons*, 822 P.2d 1094, 1095–96 (Nev. 1991) (concluding prisoner had a liberty interest in commutation because he "actually received the benefit conferred by the Pardons Board" as its order expressly stated that the prisoner's sentence was commuted from 20 to five years "effective this date"), *with Jago v. Van Curen*, 454 U.S. 14, 17–18 (1981) (holding that Parole Board's letter informing prisoner that it was "ordering a Parole Release in your case" did not create a protected liberty interest for due process purposes).

[31] *See McQuillion v. Duncan*, 306 F.3d 895, 903 (9th Cir. 2002) (finding that California's parole scheme creates a protected interest in parole for California prisoners and that interest was "heightened" and "created a specific expectation" for a prisoner "who had *already* been granted a parole date").

[32] *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985).

7

defendant was deliberately indifferent to his liberty interest. Moreover, O'Connor does not allege that he was held in prison past his maximum sentence term.

### III. Leave to amend

O'Connor has leave to amend to allege true facts to show that he has a protected liberty interest in being paroled on May 26. If O'Connor chooses to file an amended complaint, he is advised that an amended complaint replaces the original complaint, so the amended complaint must be complete in itself.[33] He must file the amended complaint on this court's approved prisoner-civil-rights form, and it must be entitled "First Amended Complaint." O'Connor must follow the instructions on the form. He need not and should not allege very many facts in the "nature of the case" section of the form. Rather, in each count, he should allege <u>facts</u> sufficient to show what <u>each</u> defendant did to violate his civil rights. **He must file the amended complaint by August 7, 2022.**

### IV. Motions for a temporary restraining order and a preliminary injunction

O'Connor moves for a temporary restraining order and a preliminary injunction requiring defendants to parole him on May 26, 2022.[34] The NDOC's inmate database reflects that O'Connor has been released on parole, and I note that O'Connor has updated his address with the court consistent with that statement.[35] I therefore deny as moot O'Connor's motions for a temporary restraining order and a preliminary injunction.

---

[33] *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal).

[34] ECF Nos. 3, 4.

[35] ECF No. 5.

## V.     Conclusion

IT IS THEREFORE ORDERED that the application to proceed *in forma pauperis* for an inmate **(ECF No. 1) is DENIED as moot**. O'Connor has **until August 7, 2022,** to either (1) file a fully complete application to proceed *in forma pauperis* <u>for a non-inmate</u> or (2) pay the full $402 filing fee, or this action will be subject to dismissal without prejudice.

IT IS FURTHER ORDERED that:

- The claim under the Fifth Amendment's Due Process Clause is DISMISSED WITH PREJUDICE as amendment would be futile; and

- The claims under the Fourteenth Amendment's Due Process Clause and the Eighth Amendment are DISMISSED WITHOUT PREJUDICE AND WITH LEAVE TO AMEND.

IT IS FURTHER ORDERED that the claims against defendants Mrs. Froby, Stevens, Anderson, and Kennedy are DISMISSED WITHOUT PREJUDICE from the complaint.

IT IS FURTHER ORDERED that if O'Connor chooses to file an amended complaint, he must use the approved form and he shall write the words "First Amended" above the words "Civil Rights Complaint" in the caption. The amended complaint will be screened in a separate screening order, and **the screening process will take <u>many months</u>. If O'Connor does not file an amended complaint, by August 7, 2022, this action will be subject to dismissal without prejudice for failure to state a claim.**

IT IS FURTHER ORDERED that O'Connor's motions for a temporary restraining order and a preliminary injunction **(ECF Nos. 4, 5) are DENIED as moot**.

IT IS FURTHER ORDERED that the Clerk of the Court is directed to:

- **FILE** the complaint (ECF No. 1-1); and
- **SEND** O'Connor (1) a courtesy copy of the complaint; (2) the approved form application to proceed *in forma pauperis* for a non-inmate, as well as the document entitled "information and instructions for filing an *in forma pauperis* application"; and (3) the approved form for filing a § 1983 complaint and instructions for the same.

Dated: July 8, 2022

_____
U.S. District Judge